**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CARLOS ROSAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) CIVIL NO. 04-465-MJR |
| | ) |
| **BB HOLDINGS PARTNERSHIP, d/b/a TGI FRIDAY'S,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff's, Carlos Rosas's, Amended Motion for Voluntary Dismissal without Prejudice (Doc. 22), filed March 4, 2005. Plaintiff moves the Court to dismiss the instant matter with leave to re-file in State Court, within the statutory time period, for damages not to exceed $75,000.00. This matter is fully briefed and ready for disposition.

## Background

On May 20, 2004, Plaintiff filed a four-count Complaint against Defendants BB Holdings Partnership doing business as TGI Friday's ("BB Holdings") and Sherrod Leftwich in the Circuit Court of Madison County, Illinois, alleging that the two Defendants discharged him from his position at TGI Friday's in retaliation for pursuing a workers' compensation claim. (Doc. 2).

Defendants removed this matter to the District Court for the Southern District of Illinois pursuant to **28 U.S.C. § 1441(a)**. Plaintiff moved to remand premised on the fact that diversity of citizenship was not complete because both Plaintiff and Defendant Leftwich were Illinois citizens at the time of removal. In Memorandum and Order issued on March 28, 2005, the undersigned found that Defendant Leftwich was fraudulently joined and, accordingly, dismissed him

from this matter. Consequently, the Court found that it has subject matter jurisdiction because diversity of citizenship is complete, and the requirements of **28 U.S.C. § 1332** were met at the time of removal.

Having failed in his effort to have this case remanded to State Court on the basis of diversity of citizenship, Plaintiff now seeks to dismiss voluntarily without prejudice on the basis of the amount in controversy. Plaintiff provides his Affidavit in which he asserts that he will not seek or collect damages in excess of $75,000.00, exclusive of interest and costs of suit. Plaintiff's Exh. A.

Defendant responds that Plaintiff cannot divest the Court of jurisdiction of his claims because, for diversity purposes, the amount in controversy is determined at the time of removal, and post-removal affidavits or stipulations limiting the amount in controversy cannot operate to divest a federal court of jurisdiction.

### Analysis

Jurisdiction is determined as of the instant of removal. ***In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).** The law in the Seventh Circuit is clear that a post-removal stipulation can neither create nor defeat diversity jurisdiction. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, **248 F.3d 668, 671 (7th Cir. 2001);** *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 429 (7th Cir. 1997)**. Plaintiff's filing his affidavit that he will neither seek nor collect damages in excess of $75,000.00 does not deprive this Court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, **303 U.S. 283, 292, 58 S.Ct. 586, 592 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").** "Litigants who want to prevent removal must file a

binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *In re Shell Oil Co.*, **970 F.2d at 356**. Therefore, the Court will not consider Plaintiff's Affidavit, because Plaintiff's filing such Affidavit after removal will not divest this Court of jurisdiction.

Plaintiff seeks to dismiss voluntarily pursuant to **FED. R. CIV. P. 41(a)(2)**. As the Seventh Circuit stated in *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174 (7th Cir. 1994)**, "**Rule 41(a)(2)** requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted. Without such demonstration, an action shall not be dismissed at the request of a plaintiff. " **23 F.3d at 177-78**. The only matter set forth by Plaintiff to persuade the Court that voluntary dismissal is warranted is his Affidavit in which he swears that he will seek less than $75,000.00. As set forth above, such Affidavit is, at this juncture, irrelevant. Accordingly, Plaintiff has not persuaded the Court nor has he established that his motion for voluntary dismissal without prejudice should be granted.

Accordingly, the Court **DENIES** Plaintiff's, Carlos Rosas's, Amended Motion for Voluntary Dismissal without Prejudice (Doc. 22).

**IT IS SO ORDERED.**

**DATED this 27th day of April, 2005.**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**